

# ARCHER, BYINGTON, GLENNON & LEVINE LLP

ROBERT M. ARCHER*
JOHN H. BYINGTON III
MARTY GLENNON
JULES B. LEVINE (1932-2012)
GARY A. THAYER
JAMES W. VERSOCKI
RICHARD S. CORENTHAL

......................

MATTHEW HROMADKA
PAUL K. BROWN
JENNY LAM

......................

* Partner emeritus-retired

534 BROADHOLLOW ROAD, SUITE 430
MELVILLE, NY 11747

PHONE:     (631) 249-6565
FACSIMILE: (631) 777-6906

WWW.ABGLLAW.COM
INFO@ABGLLAW.COM

NEW YORK CITY ADDRESS:

1430 BROADWAY, SUITE 1107
NEW YORK, NY 10018

February 14, 2022

*By CM/ECF and Email*
Hon. Analisa Torres, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:   *Fitzsimons et al. v. New York City District Council of Carpenters and Joiners of America, et al.*
          Case No. 1:21-cv-11151 (AT)
          Our File No. 25261.0007

Dear Judge Torres:

    This firm represents Defendants New York City District Council of Carpenters Pension Fund (the "Pension Fund"), New York City District Council of Carpenters Welfare Fund (the "Welfare Fund") (collectively, the "Funds"), Joseph A. Geiger as one Trustee of the Funds ("Geiger"), and Kristen O'Brien as Executive Director of the Funds ("O'Brien") (collectively, the "Fund Defendants") in the above action.

    I write pursuant to Your Honor's Individual Rules III(B)(iii) and III(A). This letter constitutes the Fund Defendants' second pre-motion letter regarding the Fund Defendants' anticipated motion to dismiss Plaintiffs' Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). Pursuant to Your Honor's Individual Rules, a copy of the Fund Defendants' first pre-motion letter was exchanged on February 6, 2021. Plaintiffs did not respond within five business days.

    The complaint should be dismissed as to the Fund Defendants on the following grounds:

    First, the complaint fails to plausibly allege exhaustion of the administrative remedies contained within the Funds' plans from which Plaintiffs' claims arise. ERISA § 502 provides an avenue through which an ERISA plan participant or beneficiary may enforce his or her rights as provided by that plan's terms. *See*, 29 U.S.C. 1132. Before a plaintiff brings such an action, however, he must exhaust the

administrative remedies contained within the plan from which his claim arises. *See, Eastman Kodak Co. v. STWB, Inc.*, 452 F.3d 215, 219 (2d Cir. 2006) ("ERISA requires both that employee benefit plans have reasonable claims procedures in place, and that plan participants avail themselves of these procedures before turning to litigation."). "[C]ourts routinely dismiss ERISA claims brought under [ERISA §] 502(a)(1)(B) on a 12(b)(6) motion to dismiss where the plaintiff fails to plausibly allege exhaustion of remedies." *Abe v. N.Y. Univ.*, No. 14 Civ. 9323 (RJS), 2016 BL 101022, 2016 U.S. Dist. LEXIS 43611, 2016 WL 1275661, at *5 (S.D.N.Y. Mar. 30, 2016) (collecting cases).

Although a claimant may be excused from exhaustion where pursuing a claim through administrative means would be futile, "[t]he threshold required by the futility exception is very high." *Barnett v. Int'l Bus. Machs. Corp.*, 885 F. Supp. 581, 589 (S.D.N.Y. 1995). The complaint fails to plausibly plead sufficient facts to make the required "*clear and positive showing* that pursuing available administrative remedies would be futile." *Davenport v. Harry N. Abrams, Inc.*, 249 F.3d 130, 133 (2d Cir. 2001) (emphasis in original). Further, "a plaintiff cannot argue futility where plaintiff admits that [he] did not attempt to use the administrative procedures." *Leak v. Cigna Healthcare*, 423 F. App'x 53, 53 (2d Cir. 2011).

Second, even if Plaintiffs were excused from exhausting available administrative procedures under the relevant plans—which they were not, Plaintiffs' claims are time-barred with respect to the Fund Defendants under the terms of the same plans from which Plaintiffs' claims arise. Courts have permitted plans to establish their own limitations period, which may be shorter than the period that would otherwise apply under state law—or borrowed by the ERISA's civil enforcement provisions. *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S. Ct. 604, 610 (2013); *see, e.g., Park Ave. Aesthetic Surgery, P.C. v. Empire Blue Cross Blue Shield*, No. 19-cv-9761 (JGK), 2021 BL 58281, at *9 (S.D.N.Y. Feb. 19, 2021) (dismissing claims as untimely under terms of plan). The plans for the Pension Fund and Welfare Fund each require that any action by a participant, spouse, or beneficiary under ERISA § 502(a) following an adverse benefit determination be filed within 365 days from the date of notice of the adverse benefit determination. The complaint alleges only that Plaintiffs received notice of the adverse benefit determinations made by the Pension Fund and Welfare Fund by letters dated October 28, 2020. (Compl., at ¶¶ 75, 78). Plaintiffs did not commence this action until December 29, 2021. Therefore, Plaintiffs' claims against the Fund Defendants are time barred.

Third, although mislabeled as a breach of contract or breach of fiduciary duty claim, the complaint fails to state a denial of benefits claim pursuant to ERISA § 502(a)(1)(B). To state a claim, plaintiffs must show: (1) the plan is covered by ERISA; (2) plaintiffs were participants or beneficiaries of the plan; and (3) plaintiffs were

wrongfully denied a benefit owed under the plan. *Guerrero v. FJC Sec. Servs. Inc.*, 423 F. App'x 14, 16 (2d Cir. 2011) (summary order).  The complaint acknowledges that the Fund Defendants based their determinations on evidence received from the NYCDCC regarding Plaintiff Peter Fitzsimon's disqualifying employment. (*See*, Compl., at ¶¶75, 78).  Therefore, Defendant Funds' decisions were not arbitrary or capricious, but rather the correct interpretation of the relevant plans from which Plaintiffs' claims arise.  The complaint does not contain any plausible factual allegations that the Fund Defendants wrongfully denied benefits owed under the Funds' plans based on the information received from the NYCDCC, which was not challenged or rebutted by Plaintiffs through the Funds' administrative appeal procedures.

Fourth, the complaint fails to state a breach of fiduciary duty claim pursuant to ERISA § 502(a)(3).  As an initial matter, such a claim "cannot exist solely as a second route to damages sought under ERISA § 502(a)(1)(B)." *Benson v. Tiffany & Co.*, No. 20 Civ. 1289 (KPF), 2021 BL 172382, at *14 (S.D.N.Y. May 10, 2021) (monetary damages generally unavailable pursuant ERISA § 502(a)(3)); *see also*, *Harrison v. Metro. Life Ins. Co.*, 417 F. Supp. 2d 424, 433-34 (S.D.N.Y. 2006). "[C]ourts in this Circuit have repeatedly rejected attempts to repackage claims for wrongful denial of benefits under Section 502(a)(1) as claims for breaches of fiduciary duties under Section 502(a)(3)." *Xiaohong Xie v. JPMorgan Chase Short-Term Disability Plan*, No. 15 Civ. 4546 (LGS) (KHP), [2017 BL 192716], 2017 WL 2462675, at *4 (S.D.N.Y. June 7, 2017) (internal quotation marks omitted) (collecting cases).  In addition, the complaint does not contain plausible factual allegations that the Fund Defendants were acting as fiduciaries or any loss or injury to the Funds.  *See, Pegram v. Herdrich*, 530 U.S. 211, 225 (2000) (ERISA trustee "may wear different hats").  Rather, Plaintiffs merely assert that an individual found to have engaged in disqualifying employment should not have been denied benefits.

Thank you for your consideration.

                Respectfully submitted,

                */s/ Paul K. Brown*
                Paul K. Brown

cc: counsel of record (by CM/ECF)
   Torres_NYSDChambers@nysd.uscourts.gov