```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/24/2023   
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
PETER FITZSIMONS, REGINA ANN DEVLIN
FITZSIMONS, BERNADETTE EILEEN
FITZSIMONS, and CAITLIN PATRICIA
FITZSIMONS,

                                 Plaintiffs,

-against-

NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS AND JOINERS OF AMERICA,
NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS
WELFARE FUND, and JOSEPH A. GEIGER as
TRUSTEE,

                                 Defendants.
-------------------------------------------------------------

21 Civ. 11151 (AT)

**AMENDED ORDER**

ANALISA TORRES, District Judge:

    Plaintiffs Peter Fitzsimons ("Fitzsimons"), Regina Ann Devlin Fitzsimons, Bernadette Eileen Fitzsimons, and Caitlin Patricia Fitzsimons bring this action against Defendants New York City District Council of Carpenters Pension Fund (the "Pension Fund"), New York City District Council of Carpenters Welfare Fund (the "Welfare Fund") (collectively, the "Funds"), Joseph A. Geiger as Trustee of the Funds (together with the Funds, the "Fund Defendants"), and New York City District Council of Carpenters and Joiners of America (the "Union"), alleging that, following a Union trial where Fitzsimons was found guilty of "working as a carpenter for a non-union company," the Fund Defendants "stopp[ed] Fitzsimons's pension payments and stripp[ed] [Plaintiffs] of their valuable health insurance benefits," and the Pension Fund "docked Fitzsimons's monthly pension benefit payment . . . [and] illegally took back a direct deposit pension payment that had already hit Fitzsimons's personal checking account." Am. Compl.

¶¶ 17–21, ECF No. 23; *see also id.* ¶ 72.[1]  Plaintiffs bring causes of action for breach of fiduciary duty under the Employee Retirement Income Security Act ("ERISA") § 502(a)(3), 29 U.S.C. § 1132(a)(3), denial of benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), and violations of the Labor-Management Reporting and Disclosure Act ("LMRDA") under 29 U.S.C. §§ 411(a), 412, and 529 (the "LMRDA Claims").  Am. Compl. ¶¶ 15, 92–137; *see also* Pls. Fund Opp. at 3, ECF No. 44.  Plaintiffs seek damages, *see, e.g.*, Am. Compl. At 20, and equitable relief, *see, e.g.*, *id.* ¶¶ 115, 122.

Defendants move to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and request that the Court do so with prejudice.[2]  ECF Nos. 32, 35. For the reasons stated below, the Fund Defendants' motion to dismiss is GRANTED and the Union's motion to dismiss is GRANTED.

## BACKGROUND[3]

Fitzsimons is a retired member of the Union.[4]  Am. Compl. ¶ 6.  The Pension Fund "controls and manages an [ERISA-]covered pension plan for the benefit [of] retired [Union] carpenters."  *Id.* ¶ 4.  The Welfare Fund "controls and manages ERISA[-]covered health insurance plans for the benefit o[f] retired [Union] carpenters and dependent family members." *Id.* ¶ 5.  Fitzsimons is a participant in the Funds' plans.  *Id.* ¶ 6.  Fitzsimons's wife, Regina Ann Devlin Fitzsimons, and their adult children, Bernadette Eileen Fitzsimons and Caitlin Patricia

---

[1] On August 2, 2022, the Court dismissed Plaintiffs' claims against Defendant, F. Josiah Light, after Plaintiffs "consent[ed] to a voluntary dismissal of their claims against [him]."  ECF No. 53.

[2] This order amends the order entered on August 2, 2022.  ECF No. 53.  The purpose of the amendment is to address Defendants' request that the Court dismiss Plaintiffs' claims with prejudice.  *Infra* § III.

[3] The following facts are taken from the complaint and "are presumed to be true for purposes of considering a motion to dismiss for failure to state a claim."  *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 398 (2d Cir. 2015).

[4] The Union is a United Brotherhood of Carpenters and Joiners of America ("UBC") regional council, which "consist[s] of nine individual local unions with more than 20,000 members."  Am. Compl. ¶ 3.  The Union is governed by the UBC constitution.  *Id.* ¶ 31.

Fitzsimons, are beneficiaries under the Funds' plans.  *See id.* ¶¶ 2, 7–8.  Geiger is the Union's Executive Secretary Treasurer and a trustee of the Funds.  *See id.* ¶ 9.

For thirty-three years, Fitzsimons "was a dues-paying carpenter" associated with "Local 157 NYC Carpenters Union Manhattan."  *Id.* ¶¶ 16, 22.  When Fitzsimons "was charged by [the Office of the Inspector General ("OIG")], [he] had been working for" "non-union Nevco Contracting, Inc. ('Nevco'), a carpentry and drywall contractor" "as a super and safety inspector."  *Id.* ¶¶ 16, 24.

Fitzsimons alleges that, on March 27, 2018, "[a]fter . . . [a] corrupt OIG investigation," OIG investigator Paul Edwards "falsely charged [Fitzsimons] with defrauding the [UBC] and the [Union] and violating the [o]bligation [under the UBC constitution], i.e., working as a carpenter for a non-union company."  *Id.* ¶¶ 17, 34, 74 (underlining omitted).  On October 25, 2018, following a Union trial (the "First Union Trial"), Fitzsimons was found guilty of the charges (the "2018 Verdict").  *Id.* ¶ 75.  After a successful appeal, the UBC vacated the 2018 Verdict on June 4, 2019, and remanded the case.  *Id.* ¶ 77.  On October 24, 2019, the Union tried the case against Fitzsimons for a second time (the "Second Union Trial").  *Id.* ¶ 78.  At the Second Union Trial, Edwards presented testimony and other evidence.  *See id.* ¶¶ 79–80.  Fitzsimons "was again convicted on the same evidence [as the First Union Trial,]" "expelled" from the Union, and "fined $50,000" (the "2019 Verdict").  *Id.* ¶ 81; *see also id.* ¶¶ 75–76 (describing the evidence presented at the First Union Trial).  Fitzsimons also appealed the 2019 Verdict, but on June 2, 2020, the UBC informed Fitzsimons of its decision that "the guilty verdicts are supported by the evidence in the record."  *Id.* ¶ 82.

By letters dated October 28, 2020, the Funds informed Plaintiffs that their benefits had been terminated. *Id.* ¶¶ 86–90; *see also* Pension Fund Letter, ECF No. 33-4; Welfare Fund Letter, 33-5.[5] The Pension Fund's letter states:

> We have received information from the [Union] that you have been employed by Nevco . . . for several years prior to your retirement effective date of February 1, 2020[,] and that you have remained employed at Nevco while receiving benefits from the [f]und. The information provided to us establishes that you have been supervising and directing carpenters at various locations . . . . Such work falls within the collective bargaining jurisdiction of the [Union], and, thus, is [d]isqualifying [e]mployment under the [r]ules.

Pension Fund Letter at 1–2; *see also* Am. Compl. ¶ 86. The Pension Fund's letter notified Fitzsimons that his monthly pension "would be suspended effective December 1, 2020," and that "his pension benefit would be suspended until the [f]und recouped the pension benefits it paid him while working for Nevco." Am. Compl. ¶¶ 86–87. The Pension Fund also canceled a direct deposit for "one month's pension payment" from "Fitzsimons's personal checking account." *Id.* ¶ 88.

The Welfare Fund's letter states:

> We have received information from the [Union] that you have been employed by Nevco . . . for several years. Nevco is not a [c]ontributing [e]mployer to the [f]und. The information provided to us establishes that you have been supervising and directing carpenters at various locations . . . . Such work for a non-[c]ontributing [e]mployer falls within the trade jurisdiction of the [Union], and thus, is

---

[5] Plaintiffs state that the Court can consider plan documents and the Funds' letters, attached as exhibits to the Fund Defendants' motion to dismiss papers, as integral to the complaint. Pls. Fund Opp. at 6; *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

4

>[d]isqualifying [e]mployment.  In addition to engaging in such work for several years, you have never notified the [t]rustees of your [d]isqualifying [e]mployment.

Welfare Fund Letter at 2; Am. Compl. ¶ 89.  Fitzsimons left his job at Nevco "in the hope that his benefits would be restored."  Am. Compl. ¶ 90.

Plaintiffs commenced an action against Defendants on December 29, 2021.  Compl., ECF No. 1.  Plaintiffs bring causes of action: (1) against the Fund Defendants under ERISA for breach of fiduciary duty and denial of benefits, Am. Compl. ¶¶ 92–122; and (2) against the Union for violations of the LMRDA, *id.* ¶¶ 123–37.

## DISCUSSION

I. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations in the complaint that, accepted as true, "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A plaintiff is not required to provide "detailed factual allegations" in the complaint, but must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Ultimately, the facts pleaded in the complaint "must be enough to raise a right to relief above the speculative level."  *Id*.  The Court must accept the allegations in the pleadings as true and draw all reasonable inferences in favor of the non-movant.  *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

II. Analysis

A. Breach of Fiduciary Duty Under ERISA

Under § 502(a)(3) of ERISA, a plan participant, beneficiary, or fiduciary can bring a cause of action for breach of fiduciary duty.  29 U.S.C. § 1132(a)(3).  "A plaintiff alleging a

5

breach of fiduciary duty under ERISA must show that: (1) the defendant is a fiduciary of the plan, (2) the defendant acted in its capacity as a fiduciary, and (3) the defendant breached a fiduciary duty." *Lardo v. Bldg Serv. 32BJ Pension Fund*, No. 20 Civ. 5047, 2021 WL 4198233, at *6 (S.D.N.Y. Sept. 14, 2021). Plaintiffs bring breach of fiduciary duty claims against the Fund Defendants. Am. Compl. ¶¶ 92–122; Pls. Fund Opp. at 14. The complaint does not contain sufficient factual allegations to state a claim for breach of fiduciary duty under ERISA. In addition, the allegations in the complaint refer to Geiger's actions using impermissible "labels and conclusions," *Twombly*, 550 U.S. at 555. *See, e.g.*, Am. Compl. ¶¶ 4–5, 9, 97–109. Plaintiffs' conclusory allegations are insufficient to state a claim.

Accordingly, the Fund Defendants' motion to dismiss Plaintiffs' § 502(a)(3) causes of action for failure to state a claim is GRANTED.

   B. Denial of Benefits Under ERISA

Section 502(a)(1)(B) of ERISA authorizes plan participants or beneficiaries to bring a civil action "to recover benefits" improperly withheld or to otherwise enforce "rights under the terms of the plan." 29 U.S.C. 1132(a)(1)(B). A court reviews a denial of benefits claim under § 502(a)(1)(B) *de novo* "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Ocampo v. Bldg. Serv. 32B-J Pension Fund*, 787 F.3d 683, 689–90 (2d Cir. 2015) (citation omitted). "Where the written plan documents confer upon a plan administrator the discretionary authority to determine eligibility, [courts] will not disturb the administrator's ultimate conclusion unless it is arbitrary and capricious." *Id.* at 690 (alterations, quotation marks, and citation omitted). Under the arbitrary and capricious standard of review, courts "may overturn the plan administrator's denial of benefits only if it is found to be without reason, unsupported by

substantial evidence[,] or erroneous as a matter of law." *Id.* (quotation marks and citation omitted). Additionally, "[w]here both the plan administrator and a spurned claimant offer rational, though conflicting, interpretations of plan provisions, the administrator's interpretation must be allowed to control." *McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126, 132 (2d Cir. 2008) (quotation marks and citation omitted).

Plaintiffs argue that the Funds' "denial of benefits violated [P]laintiffs' contractual rights under the [p]lans" such that they "are entitled to relief under ERISA [§] 502(a)(1)(B)." Am. Compl. ¶¶ 118–19. The Fund Defendants contend that Plaintiffs' § 502(a)(1)(B) claims are time-barred because the relevant plans set a limitations period of 365 days. Fund Defs. Mem. at 10–11, ECF No. 34; Fund Defs. Reply at 6–7, ECF No. 49. The Fund Defendants also argue that Plaintiffs failed to exhaust administrative remedies under the plans, Fund Defs. Mem. at 8–10; Fund Defs. Reply at 3–6, and fail to state a § 502(a)(1)(B) denial of benefits claim against the Fund Defendants under Rule 12(b)(6), Fund Defs. Mem. at 14–17; Fund Defs. Reply at 9–11. The Court shall address these arguments under the relevant pension plan and the relevant welfare plan.

First, the Court concludes that the New York City District Council of Carpenters Pension Plan (the "Pension Plan") and the Pension Fund's Summary Plan Description and Summaries of Material Modifications (the "Pension Plan SPD with SMMs"), attached as exhibits in the Fund Defendants' motion to dismiss papers, are the relevant pension plans. Pension Plan, ECF No. 33-1; Pension Plan SPD with SMMs, ECF No. 33-2.[6] Under the Pension Plan, "[a]ny action by a

---

[6] Plaintiffs state that the Court can consider the Pension Plan SPD with SMMs as integral to the complaint. Pls. Fund Opp. at 6. Plaintiffs are silent as to whether the Court can consider the Pension Plan as integral to the complaint, *see id.*, and do not attach a pension plan to the complaint. *See* Am. Compl. "[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a document upon which it solely relies and which is integral to the complaint, the court may nevertheless take the document into consideration in deciding the defendant's motion to dismiss, without converting the proceeding to one for summary judgment." *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (cleaned up). Because the Court determines that

[p]articipant, [s]pouse[,] or [b]eneficiary under ERISA [§] 502(a) following an adverse benefit determination on review must be filed within 365 days from the date of notice of the adverse benefit determination." Pension Plan at 72–73. By letter dated October 28, 2020, Plaintiffs received notice of an adverse benefit determination under the Pension Plan. Am. Compl. ¶ 86.

Plaintiffs argue that the Funds' 365-day limitation period is unreasonable. Pls. Fund Opp. at 13–14. A court "must give effect to [a] [p]lan's limitations provision unless [it] determine[s] either that the period is unreasonably short, or that a 'controlling statute' prevents the limitations provision from taking effect." *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 109 (2013) (citation omitted). Other courts in this district have found that limitations provisions that afforded participants less than a year to file suit following a denial of benefits were not unreasonably short. *See, e.g.*, *Park Ave. Aesthetic Surgery, P.C. v. Empire Blue Cross Blue Shield*, No. 19 Civ. 9761, 2021 WL 665045, at *7 (S.D.N.Y. Feb. 19, 2021) (concluding that "nearly ten months" is "not [an] unreasonably short period[] of time within which to file suit"); *Tuminello v. Aetna Life Ins. Co.*, No. 13 Civ. 938, 2014 WL 572367, at *2–3 (S.D.N.Y. Feb. 14, 2014) (finding that nine months to file suit "is not an unreasonably short period of time"); *see also Heimeshoff*, 571 U.S. at 109. Because the Court concludes that the Funds' 365-day limitation period is not unreasonably short, it must give effect to the Pension Plan's limitations provision. Plaintiffs' deadline for filing a lawsuit with respect to their denied benefit claims under the Pension Plan was October 28, 2021. Plaintiffs filed this lawsuit on December 29, 2021. Compl. Plaintiffs' § 502(a)(1)(B) claims against the Fund Defendants under the Pension Plan are, therefore, time-barred.

---

the Pension Plan is integral to the complaint, it shall consider the Pension Plan in deciding the Fund Defendants' motion to dismiss. *See Lynch v. City of New York*, 952 F.3d 67, 79 (2d Cir. 2020).

Second, the parties appear to disagree about the relevant welfare plan. Plaintiffs do not attach a welfare plan to the complaint. The Fund Defendants, on the other hand, attach the New York City District Council of Carpenters Welfare Fund Summary Plan Description and Summaries of Material Modifications (the "Welfare Plan SPD with SMMs") to their motion to dismiss. Welfare Plan SPD with SMMs, ECF No. 33-3. Plaintiffs take contradictory positions in their opposition to the Fund Defendants' motion to dismiss concerning the relevant welfare plan. Plaintiffs first concede that the Welfare Plan SPD with SMMs is integral to the complaint. Pls. Fund Opp. at 6. They then argue that the Welfare Plan SPD with SMMs, which they state covers "[a]ctive [e]mployees," does not apply to Fitzsimons because "Fitzsimons was a retired employee at the time of the events at issue." *Id.* at 12 (citing Welfare Plan SPD with SMMs and Am. Compl. ¶ 6) (alterations omitted). Plaintiffs contend that the "[w]elfare [f]unds SPD for retirees," which "does not have any limitations period," applies instead. *Id.* (including hyperlink for purported welfare plan for retirees). Plaintiffs' arguments are at odds with the text of the documents. First, the welfare plan that Plaintiffs offer in their opposition is the same document as the Welfare Plan SPD with SMMs, except that it does not include SMMs (the "Welfare Plan SPD," ECF No. 33-3 at 2–127). *Id.*[7] Further, contrary to Plaintiffs' argument that the Welfare Plan SPD with SMMs only applies to active employees, the Welfare Plan SPD with SMMs contains provisions relating to active employees' and retirees' eligibility. *See, e.g.*, Welfare Plan SPD with SMMs at 3, 5. The Court shall, therefore, consider both welfare plans.[8] *See Int'l Audiotext Network, Inc.*, 62 F.3d at 72.

---

[7] Plaintiffs also cite exhibit 2 to Robert K. Erlanger's declaration in support of Plaintiffs' opposition to the Fund Defendants' motion to dismiss as containing the welfare plan that applies to retirees, Pls. Fund Opp. at 12, but that exhibit contains the constitution of the UBC, ECF No. 43-2, not a welfare plan.

[8] For clarity, because the Welfare Plan SPD with SMMs and the Welfare Plan SPD are the same documents, except that the latter does not contain the SMMs, the Court shall refer to the Welfare Plan SPD when it is not referencing material contained in an SMM. The Court shall otherwise refer to the plans as the "Welfare Plans."

9

Under the Welfare Plan SPD with SMMs, "[a]ny action by a [p]articipant or [b]eneficiary for benefits following a denial of an appeal must be filed within 365 days from the notice of the denial of the appeal."[9]  Welfare Plan SPD with SMMs at 215.[10]  Here, there was no denial of an appeal under the welfare plan.  By letter dated October 28, 2020, Plaintiffs received notice of an adverse benefit determination under the welfare plan.  Am. Compl. ¶ 89.  Plaintiffs concede that, after receiving this notice, they did not exhaust appeal procedures under the welfare plan, arguing that the appeal procedures "were voluntary," or, alternatively, that exhaustion would be futile.  Pls. Fund Opp. at 7–8.  The Welfare Plan SPD provides:

> You may not start a lawsuit to obtain benefits until you have requested a review and a final decision has been reached on review, or until the appropriate time frame described above has elapsed since you filed a request for review and you have not received a final decision or notice that an extension will be necessary to reach a final decision.  However, a lawsuit may be started prior to you requesting or submitting a benefit dispute to any voluntary third level of appeal.  The law . . . permits you to pursue your remedies under [§] 502(a) of ERISA without exhausting [the plan's] appeal procedures if the [p]lan has failed to follow them.

Welfare Plan SPD at 105.  The Welfare Plan SPD defines a "voluntary third level of appeal" as an appeal "before the [b]oard of [t]rustees." *Id.* at 103.  In addition, because Plaintiffs did not appeal the adverse benefit determination under the welfare plans, the Court cannot determine whether the Fund Defendants failed to follow the Welfare Plans' appeal procedures.  Welfare Plan SPD at 105.  On this record, the court assumes without deciding that Plaintiffs' claims are not time-barred under the Welfare Plans.

---

[9] The Fund Defendants incorrectly state that the Welfare Plan SPD with SMMs, like the Pension Plan, "provide[s] that 'any action by a [p]articipant, [s]pouse[,] or [b]eneficiary under ERISA [§] 502(a) following an adverse benefit determination on review must be filed within 365 days.'"  Fund. Defs. Mem. at 11 (cleaned up).

[10] Plaintiffs refer to the "[w]elfare [f]unds master document," Pls. Fund Opp. at 12, but do not provide further details about that document.  Plaintiffs state that "[t]he Fund[] [Defendants] did not submit a copy of the [w]elfare [f]unds master document . . . nor did Fitzsimons ever receive a copy of it." *Id.*  Plaintiffs do not allege that they did not receive the Welfare Plan SPD with SMMs.  Even if the "master document" refers to the SMMs, the SMMs are not determinative of the Court's decision on the motion because the Court does not rely on the SMMs.  Thus, the Court need not determine whether the 365-day limitation period in the Welfare Plan SPD with SMMs is enforceable. *Cf. Landry v. Met. Life Ins. Co.*, No. 19 Civ. 3385, 2021 WL 848455, at *7–10 (S.D.N.Y. Mar. 5, 2021).

Plaintiffs' denial of benefits claim under the Welfare Plans fails on the merits. The parties agree that the Welfare Plans confer discretionary authority upon the Welfare Fund's trustees. Am. Compl. ¶ 85; Fund Defs. Mem. at 15; Fund Defs. Reply at 9–11; *see also* Welfare Plan SPD with SMMs at 110 ("[T]he [b]oard of [t]rustees [of the Welfare Fund] and other plan fiduciaries . . . have discretionary authority to interpret the terms of the plan and to determine eligibility and entitlement to plan benefits in accordance with the terms of the plan, and to decide any fact related to eligibility for and entitlement to plan benefits. Any interpretation or determination under such discretionary authority will be given full force and effect, unless it can be shown that the interpretation or determination was arbitrary or capricious."). Here, the arbitrary and capricious standard applies. Plaintiffs argue that the Fund Defendants' determination was arbitrary and capricious because it was "based on the illegal prosecution" of Fitzsimons. Pls. Fund Opp. at 10. Plaintiffs contend that, because Fitzsimons "was not employed in any category under [the Union]'s jurisdiction, he could not have engaged in either '[c]overed [e]mployment' is [sic] '[o]utside [e]mployment' or 'any employment for which an [e]mployer is obligation [sic] by an [a]greement to contribute to the [f]und'"; "[n]or could he have engaged in any employment that would have triggered the [f]und[']s plan[] and SPD provisions limiting him to 40 hours of work in covered categories." *Id.* at 9.

These allegations do not, however, establish that the Fund Defendants' actions were arbitrary and capricious. The Fund Defendants' interpretation that, after they received information that Fitzsimons worked in disqualifying employment, he was no longer eligible for benefits under the Welfare Plan, is supported by the plain language of the Welfare Plan SPD

11

with SMMs defining "disqualifying employment." Welfare Fund Letter at 5.[11] Plaintiffs have not alleged facts showing that the denial of benefits under the Welfare Plan SPD with SMMs is without reason, unsupported by substantial evidence, or erroneous as a matter of law. *Ocampo*, 787 F.3d at 690; *Celardo v. GNY Auto. Dealers Health & Welfare Tr.*, 318 F.3d 142, 146 (2d Cir. 2003). And, even if Plaintiffs' interpretation of the Welfare Plan were rational, under the arbitrary and capricious standard, the Fund Defendants' interpretation controls. *McCauley*, 551 F.3d at 132. Thus, Plaintiffs fail to state a § 502(a)(1)(B) claim against the Fund Defendants under the Welfare Plans.

Accordingly, the Fund Defendants' motion to dismiss Plaintiffs' § 502(a)(1)(B) causes of action for failure to state a claim is GRANTED.

### C. LMRDA Violations

Fitzsimons alleges that the Union violated the LMRDA, specifically 29 U.S.C. §§ 411(a), 412, 529. Am. Compl. ¶ 15.[12] Section 412 codifies § 102 of the LMRDA, which confers federal jurisdiction for violations of the LMRDA. 29 U.S.C. § 412 ("Any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief[.]"). In addition, because Fitzsimons does not oppose the Union's arguments with respect to Fitzsimons's LMRDA claim under 29 U.S.C. § 529 in his opposition to the Union's motion to dismiss, the Court deems that claim abandoned. *Sullivan*, 2015 WL 5025296, at *5 (collecting cases). Thus, the Court shall address Fitzsimons's claims under LMRDA § 101(a), 29 U.S.C. § 411(a).

---

[11] Plaintiffs concede that they received a denial of benefits letter dated October 28, 2020, Welfare Fund Letter, which appends an SMM dated September 2014 defining disqualifying employment under the welfare plan, *id.* at 5. *See* Pls. Fund Opp. at 6 (citing Am. Compl. ¶ 89).

[12] Fitzsimons does not oppose the Union's argument that Regina Ann Devlin Fitzsimons, Bernadette Eileen Fitzsimons, and Caitlin Patricia Fitzsimons, as non-Union members, lack standing to bring the LMRDA Claims. Union Mem. at 1 n.1, 5 n.3, ECF No. 36. The Court shall deem those claims abandoned. *Sullivan v. City of New York*, No. 14 Civ. 1334, 2015 WL 5025296, at *5 (S.D.N.Y. Aug. 25, 2015).

Fitzsimons brings claims under LMRDA § 101(a)(5), which provides in relevant part: "No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined . . . unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; [and] (C) afforded a full and fair hearing." 29 U.S.C. § 411(a)(5). "Section 101(a)(5) of the LMRDA does not require that union disciplinary hearings incorporate the specific protections associated with judicial proceedings, including the right to be represented by counsel and the technical rules of pleading, procedure, and evidence." *Piacente v. Int'l Union Bricklayers & Allied Craftworkers*, No. 11 Civ. 1458, 2015 WL 5730095, at *14 (S.D.N.Y. Sept. 30, 2015) (quotation marks and citation omitted); *see also United States v. Int'l Bhd. Teamsters*, 247 F.3d 370, 385 (2d Cir. 2001) ("Not all of the due process protections available in the federal courts apply to union disciplinary proceedings.").

Fitzsimons argues that LMRDA § 101(a)(5) "demands that union proceedings adhere to basic due process principles." Pls. Union Opp. at 4, ECF No. 46; *see also* Am. Compl. ¶ 124 ("LM[RD]A requires a full and fair hearing, incorporating traditional concepts of due process."). Fitzsimons contends that he was not afforded a full and fair hearing. Pls. Union Opp. at 7–9.[13]

The Court determines that this claim must also be dismissed. The complaint contradicts Fitzsimons's arguments that he was not afforded a full and fair hearing under LMRDA § 101(a)(5)(C). "Courts should intervene in union disciplinary actions under [§] 101(a)(5) only if there has been a breach of fundamental fairness." *Piacente*, 2015 WL 5730095, at *14 (quotation marks and citation omitted). Fitzsimons asserts that the Union did not present any evidence against him at trial. *See, e.g.*, Pls. Union Opp. at 7–9. The complaint, however,

---

[13] Plaintiffs attempt to amend the complaint in their opposition to the Union's motion to dismiss. Pls. Union Opp. at 5–6 ("A facially deficient [c]harging [f]orm was not alleged in the . . . [c]omplaint (by oversight), but the document is integral to it as the [Union] trials never could have advanced without Fitzsimons having been charged first."). The Court shall not consider these arguments.

13

recounts the evidence that was presented at trial. *See, e.g.*, Am. Compl. ¶¶ 75–76, 79–80. In his opposition to the Union's motion to dismiss, Fitzsimons also describes that evidence, but he takes issue with the sufficiency of that evidence. Pls. Union Opp. at 8–9. "[A] charging party need only provide 'some evidence' to support the charges." *Nunes v. United Bhd. of Carpenters & Joiners Am.*, No. 20 Civ. 1092, 2020 WL 9256554, at *6 (S.D.N.Y. Oct. 23, 2020) (citation omitted), *report and recommendation adopted*, 2021 WL 1172625 (S.D.N.Y. Mar. 29, 2021).

Accordingly, the Union's motion to dismiss Fitzsimons's LMRDA Claims for failure to state a claim is GRANTED.

### III. Leave to Amend

Defendants request that the Court dismiss Plaintiffs' claims with prejudice. ECF Nos. 32, 35. Plaintiffs do not request leave to amend their complaint.

Leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). But, "it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "Where [a] [p]laintiff does not even request leave to amend, a district court may decline to grant leave to amend *sua sponte*." *Bright-Asante v. Wagner*, No. 15 Civ. 9110, 2017 WL 6948359, at *10 (S.D.N.Y. Dec. 1, 2017) (citing *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 125–26 (2d Cir. 2013)). Courts in this circuit have done so where a plaintiff "has already had an opportunity to amend . . . and is represented by counsel." *Id.* (collecting cases); *see also Porter v. Half Hollow Hills Cent. Sch. Dist.*, No. 17 Civ. 5006, 2019 WL 4696384, at *9 (E.D.N.Y. Sept. 26, 2019).

As discussed above, Plaintiffs' § 502(a)(1)(B) claims against the Fund Defendants under the Pension Plan are time-barred. Accordingly, those claims are dismissed with prejudice. The Court is not inclined to grant leave to amend as to Plaintiffs' remaining claims. First, Plaintiffs,

represented by counsel, have amended their complaint once. Second, Plaintiffs' amended complaint does not address the issues raised in Defendants' pre-motion letters, ECF Nos. 17–18. *E.g.*, *Brown v. Cerberus Cap. Mgmt., L.P.*, 703 Fed. App'x 11, 15 (2d Cir. 2017). Third, Plaintiffs have "not made a request, formal or informal," for leave to amend. *Porter*, 2019 WL 4696384, at *9. The Court shall, therefore, dismiss Plaintiffs' § 502(a)(3) causes of action, Plaintiffs' § 502(a)(1)(B) claims against the Fund Defendants under the Welfare Plans, and Fitzsimons's LMRDA Claims with prejudice.

## CONCLUSION

For the reasons stated above, the Fund Defendants' motion to dismiss is GRANTED, and the Union's motion to dismiss is GRANTED. Plaintiffs' claims are DISMISSED with prejudice.

The Clerk of Court is directed to terminate the motions at ECF Nos. 32 and 35 and close the case.

SO ORDERED.

Dated: April 24, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge